

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-26-00417-CV

**IN RE** Noyes Burton **LIVINGSTON** IV

Original Proceeding[1]

PER CURIAM

Sitting:      Lori I. Valenzuela, Justice
           Adrian A. Spears II, Justice
           Velia J. Meza, Justice

Delivered and Filed: May 28, 2026

PETITION FOR WRIT OF MANDAMUS DENIED; EMERGENCY MOTION FOR STAY DENIED AS MOOT

Relator, Noyes Burton Livingston, IV, filed his petition for writ of mandamus, emergency motion for stay of the Sheriff's auction of his alleged homestead scheduled for June 2, 2026, his affidavit in support of the petition and motion, and his statement of inability to afford costs on May 27, 2026. Although Livingston avers to evidence in support of his petition and motion, none was provided to this court.

The burden is on the relator to provide a sufficient record showing they are entitled to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992). This burden is reflected in

---

[1]This proceeding arises out of Cause Nos. 2024-3897-DC, 2025-3988-DC, pending in the 38th Judicial District Court, Real County, Texas, the Honorable Kelley Kimble presiding.

rules 52.3(l) and 52.7 of the Texas Rules of Appellate Procedure. Rule 52.3(l) requires the petition for writ of mandamus to contain an appendix that is bookmarked, containing a copy of the relevant materials including, a certified or sworn copy of the relevant trial court order or any other document showing the matter complained of, among other items. TEX. R. APP. P. 52.3(l). Rule 52.7 further requires the relator to file alongside the petition a record that includes a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding, and a properly authenticated transcript of any relevant testimony, including exhibits offered into evidence, from the underlying proceeding, or a statement that no such testimony was adduced in connection with the matter complained of. TEX. R. APP. P. 52.7(a). Although the relator need not provide every exhibit or order filed in the underlying proceeding, *In re CG Searcy, LLC*, 687 S.W.3d 725, 726 (Tex. 2024), the relator still bears the burden of producing a record adequate enough for relief to be granted.

Because the relator bears the burden of furnishing an adequate record and Livingston has failed to furnish any, he has not established his entitlement to relief. Accordingly, the petition for writ of mandamus is denied. The emergency motion for stay is denied as moot.


PER CURIAM